# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YURIY S. EPSHTEYN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE DEPARTMENT OF UPPER | : | NO. 14-6811 |
| PROVIDENCE TOWNSHIP DELAWARE | : | |
| COUNTY PA, et al. | : | |

## MEMORANDUM

DAVIS, J.                                                                         DECEMBER 8, 2014

Plaintiff Yuriy S. Epshteyn brings this civil rights action based on a traffic citation he received after he was in a car accident. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

I.   FACTS[1]

Plaintiff was in a car accident on December 2, 2012, after which he was taken to the hospital. An officer of the Upper Providence Police Department arrived on the scene to investigate, concluded that plaintiff was at fault for the accident, and wrote a report to that effect, which was approved by a second officer. The officer also issued plaintiff a citation/summons for violating 75 Pa. Cons. Stat. § 3322, which states that "[t]he driver of a vehicle intending to turn left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard." Plaintiff alleges that the officer ignored certain evidence in conducting his investigation and improperly issued the citation. He also alleges that the police report was incorrect in various respects.

---

[1] The following facts are taken from the complaint and attachments to the complaint.

1

Plaintiff appeared before Magisterial District Judge Nicolas S. Lippincott in connection with the traffic citation. The Judge found plaintiff guilty without questioning him. Plaintiff appealed the decision to the Court of Common Pleas, which reversed the guilty verdict "due to [the] absence of [an] opposing party." (Compl. at 8, ¶ 7.)

Plaintiff "strongly believe[s]" that the driver of the other vehicle in the accident was a hit man. (Compl. at 5, ¶3.) He alleges that his neighbor hired the driver to kill him and also "hired" the police to cover up evidence of the attempted murder by framing him for the accident. (*Id.* at 10, ¶¶ 14-15; *see also id.* at 22, ¶ 41.) The basis for this conspiracy theory is the numerous alleged errors in the police report and the allegedly faulty investigation of the scene. Among other things, plaintiff suggests that the responding officer was part of this conspiracy because he was more concerned about getting plaintiff into an ambulance after the crash than questioning the other driver in plaintiff's presence. (*Id.* at 14, ¶ 32.) Plaintiff filed criminal complaints about the alleged attempted murder and related conspiracy with the Federal Bureau of Investigation (FBI) and the Delaware County District Attorney's Office, but neither entity investigated his claims.

Based on the above facts, plaintiff initiated this action for "damages and injunctive relief arising from premeditated police, prosecutorial, and judicial misconduct under color of law, [which] resulted in deprivation [of] Plaintiff's basic constitutional civil rights of Due Process . . . and Equal Protection by Law by Fifth and Fourteenth Amendments of U.S. Constitution under 42 U.S.C. § 1983, § 1985, and § 1986."[2] (Compl. at 5, ¶ 1.) The complaint also asserts constitutional claims for malicious prosecution.

---

[2] Additionally, the complaint references 42 U.S.C. § 1981. However, that provision provides for equal rights in the making and enforcing of contracts and has no application here.

2

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears he is incapable of paying the filing fee. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* In determining the sufficiency of a complaint, the Court must take three steps: (1) the Court must "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citations and internal quotation marks omitted) (alteration in

original). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims against Judge Lippincott

Judges are entitled to absolute immunity from § 1983 claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). If a judge is entitled to judicial immunity for a given act, he is also entitled to immunity for conspiring to do that act. *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992), *abrogated on other grounds by, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). "[W]ith respect to the doctrine of judicial immunity, there is no distinction between judges of courts of limited jurisdiction and judges of courts of general jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 445 (3d Cir. 2000).

Judge Lippincott is entitled to absolute immunity from plaintiff's claims because all of those claims are based on acts the Judge took in his judicial capacity when presiding over plaintiff's traffic case. *See Malcomb v. Dietz*, 487 F. App'x 683, 685 (3d Cir. 2012) (per curiam) (affirming dismissal of § 1983 and § 1985 claims against a magisterial district judge who found plaintiff guilty of summary traffic offense because the judge was entitled to immunity). Accordingly, the Court will dismiss plaintiff's claims against Judge Lippincott as legally frivolous.

### B. Claims Against the FBI

Plaintiff is bringing constitutional claims against the FBI for its failure to investigate his allegations of conspiracy and attempted murder. As § 1983 applies to defendants acting under color of state law, the Court will construe plaintiff's complaint as attempting to raise claims against the FBI pursuant to *Bivens v. Six Unknown Named Agents of the FBI*, 403 U.S. 388 (1971), for allegedly violating his constitutional rights while acting under color of federal law. However, "[a] *Bivens* action is not available against the United States or one of its agencies." *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) and *FDIC v. Meyer*, 510 U.S. 471, 486 & n.11 (1994)). Nor is there any other basis for a claim against the FBI. Accordingly, plaintiff's claims against the FBI will be dismissed as legally frivolous.

### C. Claims Against the Police Department of Upper Providence Township and the Office of the District Attorney Delaware County

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Instead, "when a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *See McTernan v. City of York,* 564 F.3d 636, 657 (3d Cir. 2009) (quotations omitted). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *Id.* at 658.

Plaintiff has not sufficiently pled that a municipal policy or custom was responsible for the alleged violation of his rights. His stray reference to "policies, customs, practices, and supervisory misconduct," (Compl. at 37), does not satisfy the pleading standard. Furthermore, it

5

appears that he seeks to hold the police department responsible based solely of the conduct of its officers. (Compl. at 28, ¶ c.) Accordingly, he has not stated a claim against the Police Department of Upper Providence Township or the Delaware County District Attorney's office.

In any event, plaintiff has not plausibly established a constitutional violation, as is required to sustain a claim under § 1983, § 1985, and § 1986. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Smith v. Phila. Housing Auth.*, 531 F. App'x 273, 274 & n.3 (3d Cir. 2013). To state a § 1983 claim for malicious prosecution, a plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Having to attend court proceedings in connection with a summons for a traffic offense does not constitute a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir 2005); *see also Malcomb*, 487 F. App'x at 685-86. Accordingly, plaintiff's malicious prosecution claim fails.

Nor has plaintiff stated a due process or equal protection claim. To state a due process claim, plaintiff must establish that he was deprived of a protectable interest by government action, and that the deprivation was without due process. *See Cospito v. Heckler*, 742 F.2d 72, 80 (3d Cir. 1984). As plaintiff was notified of the traffic citation and had the opportunity to challenge the citation and the police officer's version of events in court, he was afforded any process due. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him

and opportunity to meet it." (quotations omitted)); *Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) (affirming dismissal of due process claims when plaintiff had opportunity to be heard in court). As plaintiff was not entitled to an investigation by the District Attorney's office, he was not deprived of any cognizable interest by its failure to investigate. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (affirming dismissal of claims based on allegations that police officers failed to investigate constitutional violations because "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim" (quotations omitted)). Additionally, plaintiff has not stated an equal protection claim because he does not allege facts establishing that he was treated differently from others who were similarly situated. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

Plaintiff's conspiracy claims also fail. Those claims are based on a theory that the driver of the other car was actually a hit man hired by plaintiff's neighbor to kill him, and that the police were in cahoots with plaintiff's neighbor as reflected by the errors in the police report and traffic citation, which were allegedly intended to cover up the murder. That conspiracy theory rises to the level of irrational and delusional, and may be dismissed as frivolous. *See D'Amario v. Weiner*, Civ. A. No. 12-6098, 2013 WL 622110, at *4 (D.N.J. Feb. 19, 2013) (dismissing claims as factually frivolous because "[i]n light of the vast power, scope, and complication of the whole alleged conspiracy, [plaintiff's] allegations cannot surpass credulity" (quotations omitted)). In any event, plaintiff's factual allegations that the police report was incorrect, the investigation sloppy, and the citation erroneously issued, do not support a conspiracy claim.

That the responding officer allegedly performed a less than thorough investigation of the accident and was incorrect in his assessment of fault does not justify a speculative leap to the conclusion that he was involved in an unconstitutional cover up, even if those allegations are consistent with such a conspiracy theory. *See Iqbal*, 556 U.S. at 679-81; *Twombly*, 550 U.S. at 557-58. Thus, plaintiff's conspiracy claims are subject to dismissal.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. As it does not appear that plaintiff can cure the numerous deficiencies in his claim, the Court concludes that amendment would be futile.[4] An appropriate order follows.

---

[3] Furthermore, the complaint does not allege that the conspiracy was motivated by racial or class-based discriminatory animus so as to support plaintiff's § 1985 and § 1986 claims. *See Andela*, 569 F. App'x at 84 ("To state a claim under §§ 1985(2) or (3), a plaintiff must allege four things: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."); *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) ("In order to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy").

[4] To the extent the complaint can be construed to raise state law claims, there is no independent basis for jurisdiction over such claims.